IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| RACHEL N. WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15-cv-00434-MDH |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Plaintiff's appeal of the Commissioner's denial of her application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act ("Act"), 42 U.S.C. §§ 1381 *et seq.*, and Disability Insurance Benefits under Title II of the Social Security Act ("Act"), 42 U.S.C. §§ 401 *et seq*. Plaintiff has exhausted her administrative remedies and the matter is now ripe for judicial review. After carefully reviewing the files and records, the Court finds the decision of the Commissioner is supported by substantial evidence in the record as a whole and the decision is therefore **AFFIRMED**.

## BACKGROUND

The procedural history, facts, and issues of this case are contained in the record and the parties' briefs, so they are not repeated here. Plaintiff alleges she became disabled at the age of 22 and alleges disability based on bipolar disorder, panic attacks, depression, anxiety, a learning disability, attention-deficit disorder, and a thyroid problem. The ALJ found Plaintiff has severe impairments of anxiety, bipolar disorder, learning disability and attention deficit disorder. However, the ALJ found Plaintiff does not have a severe impairment that meets or medically equals the severity of one of the listed impairments. The ALJ determined Plaintiff has the following RFC:

1

to perform a full range of work at all exertional levels but with the following nonexertional limitations: she is limited to the performance of simple, unskilled work tasks requiring very limited reading and writing, and with no contact with the general public and only occasional contact with co-workers and supervisors.

Based on this RFC, the ALJ further determined Plaintiff could perform work in an unskilled occupation such as laundry worker, industrial cleaner, and hospital cleaner.

Plaintiff alleges the ALJ erred in assessing Plaintiff's credibility; evaluating the medical opinions and other evidence; and in formulating Plaintiff's RFC.

## STANDARD

Judicial review of the Commissioner's decision is a limited inquiry into whether substantial evidence supports the findings of the Commissioner and whether the correct legal standards were applied. *See* 42 U.S.C. §§ 405(g), 1383(c)(1)(B)(ii)(3). Substantial evidence is less than a preponderance of the evidence and requires enough evidence to allow a reasonable person to find adequate support for the Commissioner's conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Freeman v. Apfel*, 208 F.3d 687, 690 (8th Cir. 2000). This standard requires a court to consider both the evidence that supports the Commissioner's decision and the evidence that detracts from it. *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008). That the reviewing court would come to a different conclusion is not a sufficient basis for reversal. *Wiese v. Astrue*, 552 F.3d 728, 730 (8th Cir. 2009). Rather, "[i]f, after review, we find it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, we must affirm the denial of benefits." *Id.* (quoting *Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996)). Courts "defer heavily to the findings and conclusions of the Social Security Administration" and will disturb the Commissioner's decision only if it falls outside the "zone of choice." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010); *Casey v. Astrue*, 503 F.3d 687, 691 (8th Cir. 2007).

## ANALYSIS

Plaintiff argues the ALJ committed the following errors: 1) failed to properly evaluate the opinions of record; 2) the RFC is unsupported by substantial evidence of the record as a whole; and 3) erred in assessing Plaintiff's credibility.

First, the Court has thoroughly reviewed the administrative record before the Court, including the medical records, hearing testimony, and the ALJ's opinion. The Court finds that the ALJ's determination is supported by substantial evidence in the record as a whole and was within the available "zone of choice." The ALJ provided a lengthy analysis of the medical opinion evidence and properly addressed Plaintiff's mental and other limitations, in light of the medical records, work history and hearing testimony. The Court gives great deference to the ALJ's determination as it falls within an acceptable "zone of choice" of the finder of fact.

Second, the Court will not disturb the ALJ's credibility determination. In finding Plaintiff's allegations not completely credible, the ALJ considered such things as Plaintiff's reported limitations, the objective medical evidence and medical opinions and Plaintiff's daily activities. The Court noted Plaintiff's treatment notes indicate that Plaintiff was overall stable and doing great. Further, Plaintiff was able to do well despite a conservative treatment plan. The record further reflects that her treating physician believed Plaintiff was able to care for herself, despite still living with her parents, and was doing some babysitting. The Court finds the ALJ recognized the appropriate analytic framework, considered the appropriate factors, and gave good reasons for discrediting the claimant's testimony. See generally *Tucker v. Barnhart*, 363 F.3d 781, 783 (8th Cir. 2004) ("The ALJ is not required to discuss each *Polaski* factor as long as the analytical framework is recognized and considered."). Accordingly, the Court will defer to the ALJ's judgment. See *Whitman v. Colvin*, 762 F.3d 701, 707 (8th Cir. 2014) ("Questions of

credibility are for the ALJ in the first instance" and "[i]f an ALJ explicitly discredits a claimant's testimony and gives a good reason for doing so, we will normally defer to that judgment.").

Finally, Plaintiff alleges the ALJ had a "factual misunderstanding of the record as a whole" because the ALJ stated: "However, she did not indicate she received any special education services." However, the paragraph in the ALJ's determination that contains this statement begins with "claimant testified." The Court interprets the ALJ's comment in this specific paragraph to mean Plaintiff did not testify at the hearing about specifically receiving special education services. The transcript reflects that Plaintiff testified she took "LD" classes at Lewis & Clark during the summer, but there is no elaboration of what her classes were during that time. Regardless, the Court finds if the ALJ did in fact err in his reference to Plaintiff's history of special education classes, which this Court does not believe occurred, such "error" did not alter the ALJ's determination based on substantial evidence in the record as a whole. See *Byes v. Astrue*, 687 F.3d 913, 917 (8th Cir. 2012) (To show an error was not harmless, plaintiff must prove the ALJ would have made a different determination if the error had not occurred.); citing, *Van Vickle v. Astrue*, 539 F.3d 825, 830 (8th Cir. 2008) ("There is no indication that the ALJ would have decided differently ... and any error by the ALJ was therefore harmless."); and *Hensley v. Barnhart*, 352 F.3d 353, 357 (8th Cir. 2003) (holding that applying the incorrect grid rule is harmless error when a claimant is not disabled under the proper rule).

## CONCLUSION

For the reasons set forth herein, the Court finds there is substantial evidence on the record as a whole to support the ALJ's determination. Accordingly, the Commissioner's decision denying benefits is **AFFIRMED.**

**IT IS SO ORDERED.**

DATED: September 15, 2016

                                                 */s/ Douglas Harpool*
                                               **DOUGLAS HARPOOL**
                                               **UNITED STATES DISTRICT JUDGE**